UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LAMARIO K. WARE     CIVIL ACTION NO. 08-cv-0051

VERSUS     REFERRED TO:

U.S. COMMISSIONER SOCIAL     MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction**

Lamario Ware ("Plaintiff") filed an application for disability benefits based on an alleged disability onset at the age of 26. Plaintiff, who has a high school education and past work experience as a corrections officer, fry-master, and railway car man, has a history of left testicular cancer, back and hip pain, and hypertension. ALJ W. Thomas Bundy conducted the five-step sequential analysis and, after hearing testimony from a vocational expert ("VE"), he found at step five that Plaintiff was not disabled because he could perform the demands of jobs such as telemarketer, receptionist, information clerk, and surveillance monitor.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred

to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be reversed and the case will be remanded.

**Issues on Appeal**

Plaintiff lists two issues: (1) the Commissioner did not satisfy his burden at step five with a showing that there are a significant number of jobs that Plaintiff could perform; and (2) the Commissioner failed to adequately consider a physical therapy report that was presented to the Appeals Council but not the ALJ.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff has a history of left testicular cancer, treated by a left radical orchiectomy and chemotherapy, and Plaintiff responded well to the treatment. He also underwent lymph node surgery, which was followed by acute renal function failure that required dialysis and blood

transfusions. Plaintiff's treating physician indicated that Plaintiff was expected to have short to medium term disability. Plaintiff also had back and hip pain, and an MRI showed a bulging disk at L4-L5.

The ALJ considered the evidence and determined that Plaintiff had the residual functional capacity ("RFC") to perform the exertional demands of sedentary work, provided he has the opportunity to alternate between sitting and standing positions when necessary. Plaintiff, citing Social Securing Ruling 83-12 and Scott v. Shalala, 30 F.3d 33 (5th Cir. 1994), argues that the requirement of being able to sit and stand as needed eliminates all possible jobs. The mere finding of this limitation does not automatically equal a determination of disabled. It does require consultation of a vocational expert ("VE"), and that was done in this case.

The Ruling explains that "a person with such a requirement is not functionally capable of doing either the prolonged sitting contemplated by sedentary work and required by the few light jobs that are performed primarily while seated" or the prolonged standing or walking contemplated for most light work. The Ruling goes on to explain that there are some jobs, typically professional and managerial, in which a person can sit or stand with a degree of choice, and persons who can perform such jobs are not disabled. Unskilled types of jobs, however, are usually structured so a person cannot ordinarily sit or stand at will. The Ruling concludes the discussion by directing that a vocational expert be consulted to clarify the

implications of this limitation for the occupational base. The ALJ did consult a VE, and that testimony will be discussed below.

After the ALJ decided the case, Plaintiff retained a physical therapist to conduct a functional capacity assessment. Plaintiff submitted the report to the Appeals Council, and he argues that it deprives the Commissioner's finding on the RFC of substantial evidence. See Higginbotham v. Barnhart, 405 F.3d 332 (5th Cir. 2005) (requiring court to consider evidence that was submitted for the first time to the Appeals Council). The court is aware from other cases that at least some local ALJs are willing to accept and consider the relatively detailed assessments performed by this physical therapist, but the Commissioner points out that the regulations do not include a physical therapist as an acceptable medical source. 20 C.F.R. §§ 404.1513 and 416.913. Furthermore, Plaintiff emphasizes the physical therapist's finding that Plaintiff, on average, will need to get up to stand/walk 10 minutes each hour, but Plaintiff does not discuss that the therapist found that Plaintiff was capable of performing the demands of *medium* work, with certain restrictions. The Appeals Council was not required to accept the stand/walk restrictions and disregard the basic exertional level finding. The presence of the report does not deprive the agency decision of substantial evidence.

Plaintiff argues that the ALJ did not receive sufficient evidence to satisfy the step five burden regarding the availability of a significant number of jobs that Plaintiff could perform. At the hearing, the ALJ asked Plaintiff if he could manage a job that allowed him to stand

or sit as he needed and that would not require him to lift over 10 pounds. Plaintiff said, "I believe I could." The ALJ then asked the VE to give an example of such a job, and she noted Plaintiff's past job as a telemarketer, which he worked at part-time for about a year. Plaintiff said he might be able to perform such work. The ALJ then asked the VE for examples of similar jobs, and she listed sedentary receptionist and information clerk jobs that would allow a sit/stand option. Plaintiff said, "I think I could handle that." Tr. 308-09.

The ALJ wrote that the VE identified the jobs of telemarketer, receptionist, information clerk, and surveillance monitor, but neither party has cited the court to testimony regarding the surveillance monitor job. Plaintiff argues that there is not sufficient evidence that there are significant numbers of such jobs (even if he can perform them). The burden at step five is on the Commissioner to show that there is other work (jobs) that the claimant can adjust to and that the jobs exist in significant numbers in the national economy (either in the region where the claimant lives or in several regions of the country). 20 C.F.R. § 404.1560(c). A VE typically gives expert testimony regarding the number of, for example, telemarketer jobs that are available nationally, in Louisiana, and (sometimes) Texas. In a case such as this one where there are special limitations such as the sit/stand option, the VE often will be asked to testify regarding the number of jobs (if any) that would be eliminated by that requirement. The Commissioner then determines whether the number of available jobs is significant within the meaning of the law.

The Commissioner does not point to any evidence in the record of this case in which the VE testified about the available number of such jobs. The Commissioner argues on appeal that "common sense" dictates that the identified jobs exist in significant numbers and that Plaintiff has failed to show prejudice. The court might be tempted to adopt that position, but there is a sit/stand aspect of the RFC in this case that may well cause a significant reduction of the number of such jobs that Plaintiff could perform. Perhaps it will not. The court is not a vocational expert, and it would be improper for the court to speculate on the issue.

Given the complete absence of even the original number of such jobs available, the court cannot find that the Commissioner satisfied his burden at this step. The court does not wish to further clog the busy administrative system with a remanded case simply for the sake administrative compliance, but more than that is at issue here. This is a central issue on which the decision rests, and there is currently an absence of evidence on that issue. Accordingly, the Commissioner's decision will be **reversed**, and this case will be **remanded** for further proceedings.

On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is

ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of January, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE